FINUCANE et al. v. APEX GUTTER HANGER CORPORATION et al.

District Court, S. D. New York.

Dec. 8, 1931.

Moses & Nolte, of New York City (Albert C. Nolte and James N. Catlow, both of New York City, of counsel), for plaintiffs.

Abraham I. Wolf, of New York City (O. Ellery Edwards, of New York City, of counsel), for defendants.

COXE, District Judge.

This is an infringement suit involving the Finucane patent No. 1,676,485, issued July 10, 1928, for a leader strap. The patent has two claims, and claim No. 1, which is fairly typical, reads: "A leader-pipe supporting strap comprising a single strip of sheet metal consisting of end portions having embossed reinforcements and a front portion between said end portions and having embossed reinforcement, said front embossed portion being spaced from the end embossed portions to form flat bending zones between said front and end portions."

The defenses are prior use, lack of invention, and noninfringement.

The patent was sustained after a contest by Judge Slick in the Eastern District in Finucane v. Swimmer, 45 F.(2d) 798, 799; but the defendants insist that the showing there was incomplete, and the decision not controlling. However, except for the alleged Rachlin use, which was rejected at the trial as not satisfactorily proved, the record here is for all practical purposes the same as the record in the Swimmer Case; and, upon a re-examination of the art, I agree with Judge Slick that the patent in suit discloses invention.

The closest patent references urged by the defendants are Conner (1915), No. 1,-160,047, Dickelmann (1920), No. 1,329,268, Schoen (1888), No. 381,175, and Avery (1891), No. 444,375. These patents were all cited in the Patent Office proceedings, and the patent in suit issued over them. More-over, there is nothing in any of them which either anticipates or negatives invention.

Conner, No. 1,160,047, is merely an adaptation of the conventional leader hook consisting of a U-shaped staple with a central prong adapted to be driven into the wall; it has none of the advantages of the Finucane strap, such as the single strip of metal, the embossed reinforcements, and the transverse bending zones. Dickelmann, No. 1,-329,268, shows a bowed pipe clip "stamped from a single blank of sheet metal," and containing a longitudinal rib to give reinforcement. The Dickelmann clip must, however, be stamped in a press to fit a standard diameter pipe, and contains no suggestion of a single strip of pliable metal, with embossments and bending zones, to enable the strap to be readily fitted by an ordinary workman on the job. Schoen, No. 381,175, and Avery, No. 444,375, relate to stake pockets for holding stakes on railroad cars, and have no particular application except to show the use of continuous ribs or beads in metal forming, and a bending of the metal across the ribs or beads. These stake pockets are, however, formed from heavy pieces of iron or steel, and bear no similarity to leader straps. Clearly, the art is nonanalogous, and I do not think that either patent could have been of any material assistance to Finucane in helping him solve the problem with which he was confronted.

The case, therefore, falls back on the plain strap, consisting of a short metal strip (Exhibit 5) and the Broshart & Braun ornamental molding (Exhibit M). The plain metal strap (Exhibit 5) has none of the features of the Finucane strap, and may be disregarded. The Broshart & Braun molding (Exhibit M) is shown in the Broshart & Braun catalogue (Exhibit N) under the title "Frieze Enrichments," and is merely a strip of ornamental molding. A section of such a molding was shaped for the purpose of this trial into a leader strap; and Finucane, on cross-examination, admitted that, prior to the patent in suit, he had seen straps "for example, of the class, kind and character, shown in defendants' Exhibit M." All he meant by this testimony was that he had seen leader straps in ornamental designs, such as shown by Exhibit M, but there is nothing in the testimony to sustain the contention that ornamental moldings, such as disclosed in the Broshart & Braun catalogue, were used extensively as leader straps, or that they were readily adaptable for any such purpose. In appearance, the Broshart

& Braun molding (Exhibit M) is much similar to the ornamental leader strap referred to as defendants' Exhibit A in Judge Slick's opinion in the Swimmer Case, and described there as "a mere decorative covering." The ornamental straps of this kind were specially prepared for particular work, and have none of the bending or utility features of the Finucane strap.

On the question of infringement, the defendants insist that they do not have the "flat bending zones" of the Finucane patent, but that their strap has edge beads or ribs extending through the bending zones, and that the bending takes place across these edge beads or ribs. The argument, in substance, is that Finucane limited himself in the Patent Office proceedings to a bending zone which was literally "flat," and that it was necessary for him to place this limitation on his claims in order to avoid Schoen, No. 381,175, and Avery, No. 444, 375; and it is insisted that he should not be permitted now to broaden his claims to include the defendants' structure.

There is nothing, however, in the Schoen or Avery patents which required any such narrow limitation of the Finucane invention, and I fail to find anything in the file wrapper to support the contention of counsel that the plaintiffs are now estopped to urge an interpretation of the claims sufficiently broad to cover the defendants' strap. In the Finucane patent, the function of the bending zone is to permit ready shaping of the strap to make it fit leader pipes at various distances from the wall surface; and the defendants' bending zone accomplishes exactly that function, even though it has edge beads or ribs extending through the bending zones. These edge beads or ribs have no useful purpose in the defendants' strap, and presumably were added as ornamentation, or to avoid the language of the claim. In any event, I am satisfied that the defendants' leader straps are sufficiently flat to perform their obvious functions, and these functions are the same as those of the patent in suit. I therefore hold that the defendants' bending zones are the equivalents of the plaintiffs' bending zones, and it follows that the defendants have infringed.

There may be a decree holding both claims valid and infringed, and providing for the usual reference.